OPINION
{¶ 1} Defendant-appellant Juvalian Patterson appeals from the March 3, 2003, Judgment Entry of the Stark County Court of Common Pleas overruling his Delayed Motion to Withdraw Guilty Plea. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 20, 2001, the Stark County Grand Jury indicted appellant on one count of aggravated burglary in violation of R.C. 2911.11(A)(2), a felony of the first degree, one count of robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree, and one count of carrying a concealed weapon in violation of R.C. 2923.12(A), a felony of the fourth degree. The aggravated burglary charge contained a firearm specification. At his arraignment on December 21, 2001, appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 3} Thereafter, on January 23, 2002, appellant filed a "Motion to Sever Counts of Indictment." Appellant, in his motion, specifically requested that the robbery count (Count Two) be severed from the remaining counts and the specification since "Count Two is unrelated to the remaining Counts of the Indictment . . ."
 {¶ 4} Subsequently, on February 11, 2002, appellant withdrew his former not guilty plea and pled guilty to the charges contained in the indictment. As memorialized in a Judgment Entry filed on February 15, 2002, appellant was sentenced to three years in prison for aggravated burglary and to a consecutive three year sentence on the firearm specification. Appellant also was sentenced to three years in prison for robbery. The trial court, in its entry, ordered that such sentence be served concurrently with the above sentence. With respect to the charge of carrying a concealed weapon, the trial court sentenced appellant to eleven months in prison, to be served concurrently with the sentences for aggravated burglary and robbery. Thus, appellant `s aggregate prison sentence in the case sub judice was six years. Finally, the trial court, in its entry, ordered that appellant's sentence in this matter be served concurrently with "the underlying sentence in case number 2002CR0100, but must be served consecutive to the firearm specification in that case, for a combined total for both cases of nine (9) years in prison."
 {¶ 5} On August 14, 2002, appellant filed a Notice of Appeal. Pursuant to a Judgment Entry filed on August 21, 2002, this Court sua sponte dismissed appellant's appeal as untimely.
 {¶ 6} Thereafter, on January 16, 2003, appellant filed a Delayed Motion to Withdraw Guilty Plea. Appellant, in a sworn statement attached to such motion, alleged that "the guilty plea was not entered knowingly, voluntarily, and intelligently as a direct result of my trial counsel's coercion and procurement after I repeatedly informed counsel that I was innocent and could produce proof."
 {¶ 7} As memorialized in a Judgment Entry filed on March 3, 2003, the trial court overruled appellant's motion.
 {¶ 8} It is from the trial court's March 3, 2002, Judgment Entry that appellant now appeals, raising the following assignments of error:[1]
 {¶ 9} "I. Improper indictment, charges, alleged crime, does not consitute or meet requirements of R.C. 2911.11(A)(2) for an occupied structure.
 {¶ 10} "II. Guilty plea was not voluntary for defendant was not adivsed of his rights, fully by trial court, before accepting his guilty plea."
 I {¶ 11} Appellant, in his first assignment of error, argues that the trial court erred in not severing the charges in the indictment against him. Appellant specifically argues that the aggravated burglary and carrying concealed weapons charges should have been severed from the robbery charge since the crimes occurred on two different dates and involved different victims.
 {¶ 12} As is stated above, appellant, on January 16, 2003, filed a Delayed Motion to Withdraw Guilty Plea alleging that his guilty plea . . . "was not entered knowingly, voluntarily, and intelligently as a direct result of my trial counsel's coercion and procurement after I repeatedly informed counsel that that I was innocent and could produce proof." After the trial court overruled his motion, appellant filed the instant appeal. However, since appellant, in his January 16, 2003, motion before the trial court, did not argue that the charges against him should have been severed and that, on such basis, he should have been permitted to withdraw his guilty plea, he cannot now argue that the trial court erred in not severing the same.
 {¶ 13} Furthermore, as is established by the record, appellant pled guilty to the charges in the indictment before
the trial court ruled on appellant's January 23, 2002, Motion to Sever. The effect of a guilty plea "is a complete admission of the defendant's guilt." See, Crim.R. 11(B)(1). A plea of guilty operates as a waiver of all rights except those that go to the subject matter jurisdiction of the trial court. See State v.Riggins (1980), 68 Ohio App.2d 1, 426 N.E.2d 504. Since appellant pled guilty, he waived any error on the part of the trial court in not severing the charges against him. See Statev. Foster (Dec. 27, 1993), Stark App. No. CA-9239.[2]
 {¶ 14} Appellant's first assignment of error is, therefore, overruled.
 II {¶ 15} Appellant, in his second assignment of error, argues that the trial court erred in overruling his Motion to Withdraw Guilty Plea since appellant's guilty plea was not knowingly, intelligently and voluntarily made. Appellant specifically asserts that he was coerced by trial counsel into pleading guilty and that the trial court accepted appellant's guilty plea despite his plea of innocence. Appellant further contends that the trial court, in accepting appellant's plea, failed to comply with Crim.R. 11.
 {¶ 16} Crim. R. 32.1 governs withdrawal of a guilty plea and states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Because appellant's request was made post-sentence, the standard by which the motion was to be considered was "to correct manifest injustice." The accused has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea. State v.Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus. In Smith, supra, the Ohio Supreme Court, citing United States v. Semel (C.A. 4, 1965), 347 F.2d 228, addressed the concept of "manifest injustice," stating that "[t]his term [manifest injustice] has been variously defined, but it is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases." Id. at 264. Furthermore, "[b]efore sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury. But if a plea of guilty could be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. * * *" State v. Peterseim (1980),68 Ohio App.2d 211, 213, 428 N.E.2d 863, quoting Kadwell v. UnitedStates (C.A. 9, 1963), 315 F.2d 667. The length of passage of time between the entry of a plea and a defendant's filing of a Crim. R. 32.1 motion is a valid factor in determining whether a "manifest injustice" has occurred. See State v.Copeland-Jackson, Ashland App. No. 02COA018, 2003-Ohio-1043.
 {¶ 17} A reviewing court will not disturb a trial court's decision whether to grant a motion to withdraw a plea absent an abuse of discretion. State v. Caraballo (1985),17 Ohio St.3d 66, 477 N.E.2d 627. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.
 {¶ 18} An evidentiary hearing on a post-sentence motion to withdraw a guilty plea "is not required if the facts as alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn." State v. Blatnik
(1984), 17 Ohio App.3d 201, 204, 478 N.E.2d 1016.
 {¶ 19} Upon our review of the record, we find that the trial court did not abuse its discretion in overruling appellant's motion, without a hearing, since such decision was not arbitrary, unconscionable or unreasonable. In the case sub judice, appellant failed to file a transcript of the plea hearing which had been held on February 11, 2002. In Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 400 N.E.2d 384, the Ohio Supreme Court stated: "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See State v. Skaggs (1978),53 Ohio St.2d 162, 372 N.E.2d 1355. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm." Id. at 199.
 {¶ 20} Moreover, attached to the trial court's February 15, 2002, Judgment Entry is a plea form signed by appellant on February 11, 2002, outlining appellant's rights and stating, in relevant part, as follows: "No threats or promises have been made to me by anyone to secure my Plea of Guilty. I acknowledge that I am pleading guilty freely and voluntarily." Appellant, therefore, has not shown that the trial court failed to comply with Crim. R. 11 in accepting appellant's plea. Based on the foregoing, we find that appellant's self-serving affidavit stating that his guilty plea . . . "was not entered knowingly, voluntarily, and intelligently as a direct result of my trial counsel's coercion and procurement after I repeatedly informed counsel that that I was innocent and could produce proof" was insufficient to demonstrate manifest injustice.[3]
 {¶ 21} Furthermore, appellant did not file his Motion to Withdraw Guilty Plea until nearly one year after entering his plea. We find that the trial court did not abuse its discretion "in declining to find a manifest injustice warranting the extraordinary step of negating appellant's plea" eleven months after entry thereof. See Copeland-Jackson, supra.[4]
 {¶ 22} Appellant's second assignment of error is, therefore, overruled.
 {¶ 23} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
Gwin, P.J., and Boggins, J. concur.
[1] Appellant was granted an extension of time to file his brief until September 19, 2003. After filing his merit brief on September 15, 2003, appellant filed a supplemental brief on October 29, 2003, raising an additional assignment of error. Since appellant filed his supplemental brief without leave of Court, we shall not address the assignment of error raised in such brief.
[2] In Foster, this Court held that, by pleading guilty, the defendant waived any error on the part of the trial court in ruling on the defendant's motion to sever the charges against the defendants for purposes of trial.
[3] In State v. Laster, Montgomery App. No. 19387, 2003-Ohio-1564 the court held that "where nothing in the record supports a defendant's claim that his plea was not knowingly and voluntarily made other than his own self-serving affidavit or statement, the record is insufficient to overcome the presumption that the plea was voluntary."
[4] In the Copeland-Jackson case, this Court held that the trial court had not abused its discretion in "declining to find a manifest injustice warranting the extraordinary step of negating appellant's plea twenty months after the entry thereof."