OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Rodney A. Hutchings appeals from the September 10, 2003, Judgment Entry of the Stark County Court of Common Pleas which overruled appellant's motion to withdraw a guilty plea. Plaintiff-appellee is the State of Ohio.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} In 1995, appellant was indicted on two counts of rape, one count of felonious sexual penetration, one count of gross sexual imposition, and one count of child endangering. Appellant pled guilty to the charges and was sentenced to an aggregate prison term of 10 to 25 years.[1]
 {¶ 3} On August 29, 2003, appellant filed a motion to withdraw his guilty plea, pursuant to Crim. R. 32.1. In his motion, appellant claimed that he was promised by his attorney that he "would more than likely be released on parole" after serving eight or ten years. According to his motion, after serving approximately seven years of the sentence, appellant had a hearing before the parole board. The parole board told appellant that "he must do seven more years until May, 2010." Appellant's Motion to Withdraw Guilty Plea. Appellant argued that this denial of parole constituted a manifest injustice under Crim. R. 32.1 and that he should be allowed to withdraw his guilty plea. On September 10, 2003, the trial court overruled appellant's motion.
 {¶ 4} Thus, it is from the September 10, 2003, Judgment Entry that appellant appeals, raising the following assignments of error:
 {¶ 5} "I. The trial court erred as a matter of law when it failed to hold a hearing on the motion to withdraw guilty plea based upon manifest injustice and involuntary guilty plea.
 {¶ 6} "II. Where a criminal defendant is misled into pleading guilty based on false advise [sic] that he would be paroled after having served miniumum part of sentence, plea was thus involuntarily made by defendant."
 {¶ 7} In the first assignment of error, appellant contends that the trial court erred when it failed to hold a hearing on appellant's motion to withdraw his guilty plea. In the second assignment of error, appellant argues that there should have been a hearing so that the trial court could have determined whether appellant relied upon the false assertions of his counsel. Appellant concludes that this matter must remanded to the trial court for a full hearing. We disagree.
 {¶ 8} A trial court may allow the post-sentence withdrawal of a plea of guilty only to correct a manifest injustice. Crim. R. 32.1; State v.Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of syllabus. Further, a reviewing court will not disturb a trial court's decision whether to grant a motion to withdraw a plea absent an abuse of discretion. State v. Caraballo (1985), 17 Ohio St.3d 66, 477 N.E.2d 627. In order to find an abuse of discretion, the reviewing court must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 9} An evidentiary hearing on a post-sentence motion to withdraw a guilty plea "is not required if the facts as alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn." State v. Patterson, Stark App. No. 2003CA00135, 2004-Ohio-1569 (citing State v. Blatnik (1984), 17 Ohio App.3d 201, 204,478 N.E.2d 1016). However, generally, a self-serving affidavit or statement is insufficient to demonstrate manifest injustice. Patterson,
supra (citing State v. Laster, Montgomery App. No. 19387, 2003-Ohio-1564).
 {¶ 10} In his motion, appellant asserted that his counsel advised him that if he entered a guilty plea, he "would more than likely be released on parole" after serving eight to ten years. Appellant's Motion to Withdraw Guilty Plea. Appellant stated that he "counted" upon this advice and pled to the pending charges.
 {¶ 11} First, we note that what appellant asserts his counsel told him was not phrased as a fact, guarantee or promise. Appellant claims that counsel merely told him that he would "likely" be released in eight to ten years. Trial counsel did not tell appellant that he "would" be released in eight to ten years.
 {¶ 12} Further, appellant signed a plea form on May 31, 1995. That plea form outlined appellant's rights and stated the following: "No promises or threats have been made to me by anyone to secure my Plea of Guilty." (Capitalization original)
 {¶ 13} Upon review, we find that the trial court did not abuse its discretion when it failed to hold a hearing on appellant's motion to withdraw his guilty plea. Appellant's self-serving statement was insufficient in this case to demonstrate a manifest injustice.
 {¶ 14} Accordingly, appellant's first and second assignments of error are overruled.
 {¶ 15} The judgment of the Stark County Court of Common Pleas is affirmed.
Edwards, J., Gwin, P.J. and Boggins, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Appellant's charges arose from allegations that appellant sexually abused a child. At a subsequent sexual predator hearing, evidence showed that there was a taped confession by appellant in which appellant admitted to sexually abusing two other young girls for which appellant had not been charged and appellant admitted he was a pedophile with urges to molest young girls whenever he saw a picture of one. State v.Hutchings, Stark App. No. 2002CA00087, 2002-Ohio-6400.