OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Thomas David Nicholson appeals from the January 2, 2004, Judgment Entry of the Stark County Court of Common Pleas which overruled appellant's motion to withdraw a guilty plea.
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On June 12, 2003, appellant was arrested and charged with aggravated vehicular assault, failure to comply with an order or a signal of a police officer, driving while under the influence of alcohol and leaving the scene of an accident.
 {¶ 4} On July 11, 2003, Appellant was indicted on the above charges.
 {¶ 5} On July 18, 2003, Appellant was arraigned and entered a plea of not guilty to each of the charges against him.
 {¶ 6} On August 6, 2003, a pretrial hearing was held in this mater wherein Appellant changed his pleas and entered pleas of guilty to the charges contained in the indictment.
 {¶ 7} The trial court sentenced Appellant to three (3) years incarceration on the aggravated vehicular assault charge, one (1) years incarceration on the failure to comply charge, to run consecutive with the three (3) years on the aggravated vehicle assault charge. Appellant was also sentenced to six months on the DUI charge and six months on the charge of leaving the scene of an accident. These sentences were ordered to be served concurrently with the four years of incarceration imposed for the aggravated vehicular assault and failure to comply charges.
 {¶ 8} November 18, 2003, Appellant filed a Motion to Withdraw his Guilty Plea, pursuant to Crim. R. 32.1. Appellant's motion was based on allegations of ineffective assistance of counsel.
 {¶ 9} On January 2, 2004, the trial court denied Appellant's Motion to Withdraw his Guilty Pleas.
 {¶ 10} Thus, it is from the January 2, 2004, Judgment Entry that appellant appeals, raising the following assignment of error:
 ASSIGNMENT OF ERROR {¶ 11} "I. The trial court erred in not granting defendant/appellant's Motion to withdraw guilty plea."
 I. {¶ 12} In his sole assignment of error, appellant contends that the trial court erred when it failed grant his motion to withdraw his guilty plea. We disagree.
 {¶ 13} Appellant further argues that the trial court should have conducted an evidentiary hearing so that the trial court could have determined whether appellant's counsel failed to investigate all possible defenses before recommending that Appellant plead guilty to the charges, specifically an insanity defense.
 {¶ 14} Crim.R. 32.1 reads:
 {¶ 15} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."
 {¶ 16} Based on the foregoing rule, a trial court may allow the post-sentence withdrawal of a plea of guilty only to correct a manifest injustice. Crim. R. 32.1; State v. Smith (1977),49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of syllabus. Thus, the rule gives a standard by which post-sentence withdrawals of guilty pleas may be evaluated — the "manifest injustice" standard.
 {¶ 17} Further, a reviewing court will not disturb a trial court's decision whether to grant a motion to withdraw a plea absent an abuse of discretion. State v. Caraballo (1985),17 Ohio St.3d 66, 477 N.E.2d 627. In order to find an abuse of discretion, the reviewing court must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 18} An evidentiary hearing on a post-sentence motion to withdraw a guilty plea "is not required if the facts as alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn." State v. Patterson,
Stark App. No. 2003CA00135, 2004-Ohio-1569 (citing State v.Blatnik (1984), 17 Ohio App.3d 201, 204, 478 N.E.2d 1016). However, generally, a self-serving affidavit or statement is insufficient to demonstrate manifest injustice. Patterson,
supra (citing State v. Laster, Montgomery App. No. 19387, 2003-Ohio-1564).
 {¶ 19} In his motion, appellant asserted that his counsel failed to review all possible defenses associated with the charges against him.
 {¶ 20} To prevail on his claim of ineffective assistance of counsel, Appellant must meet the test for ineffective assistance of counsel established in Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.
 {¶ 21} The Strickland test was applied to guilty pleas inHill v. Lockhart (1985), 474 U.S. 52, 106 S.Ct. 366,88 L.Ed.2d 203. "First, the defendant must show that counsel's performance was deficient." Strickland, 466 U.S. at 687, 104 S.Ct. at 2064,80 L.Ed.2d at 693; Hill, 474 U.S. at 57, 106 S.Ct. at 369,88 L.Ed.2d at 209. Second, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty * * *." Hill, 474 U.S. at 59,106 S.Ct. at 370, 88 L.Ed.2d at 210; see Strickland, 466 U.S. at 687,104 S.Ct. at 2064, 80 L.Ed.2d at 693.
 {¶ 22} Attached to Appellant's motion were a number of affidavits from family members, an affidavit by Appellant and a myriad of medical reports, most of which have to do with upper and lower back complaints resulting from a disc herniation and numerous complaints of dermatitis. Some of the reports document a sporadic history of various psychological problems and periods of medication for same. Also, it appears Appellant has a history of alcohol and drug abuse.
 {¶ 23} What was not attached to Appellant's motion was a report or diagnosis from an expert concerning a sanity evaluation.
 {¶ 24} Appellant's history of psychological disorders and substance abuse does not by itself meet the legal requirements for a diagnosis of legal insanity.
 {¶ 25} Skipping to the second prong of the test, Appellant must show that he would not have pleaded guilty to the charges if his attorney had advised him that an insanity defense was available to him. Appellant attempted to make this argument through his motion to vacate his plea before the trial court, but was unsuccessful.
 {¶ 26} Without such evidence, Appellant cannot meet his burden under Strickland, supra.
 {¶ 27} Upon review, we find that the trial court did not abuse its discretion when it denied Appellant's Motion nor in failing to hold a hearing on appellant's motion to withdraw his guilty plea. The affidavits and medical records attached to Appellant's motion to withdraw his plea of guilty are insufficient in this case to demonstrate a manifest injustice.
 {¶ 28} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 29} The judgment of the Stark County Court of Common Pleas is affirmed.
Boggins, J., Hoffman, P.J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.