OPINION *Page 2 
{¶ 1} Defendant-appellant, Charles H. Surface, appeals from the denial by the Stark County Court of Common Pleas of his Motion to Withdraw Guilty Plea. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 17, 2008, the Stark County grand Jury indicted appellant on two counts of rape in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree, and one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree. At his arraignment on April 18, 2008, appellant entered a plea of not guilty to the charges.
 {¶ 3} Subsequently, on June 16, 2008, appellant withdrew his former not guilty plea and pleaded guilty to the charges contained in the indictment. On the same date, appellant was sentenced to life in prison with the possibility of parole after ten years.
 {¶ 4} After sentencing but prior to the filing of the Sentencing Judgment Entry, appellant sent a letter to the trial court dated June 16, 2008, seeking to withdraw his guilty plea. In the letter, which was filed on June 23, 2008, appellant stated that due to his mental handicap, he was unable to understand the plea agreement and was relying on his attorney's explanation of the same. Appellant further stated in his letter that his understanding of the plea agreement was "very different from what it actually was" and that he would never have agreed to the same had he understood the agreement. Appellant also contended that he had a panic attack at the time he entered his guilty plea and, for such reason, "could not properly voice my discontent in court." The trial *Page 3 
court treated appellant's letter as a Motion to Withdraw Guilty Plea and denied the same pursuant to a Judgment Entry filed on June 25, 2008.
 {¶ 5} The trial court's Judgment Entry sentencing appellant was filed on July 30, 2008.
 {¶ 6} Appellant now raises the following assignments of error on appeal:
 {¶ 7} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN (1) FAILING TO HOLD A HEARING ON APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA; AND (2) IN DENYING APPELLANT'S MOTION TO WITHDRAW HIS PLEA.
 {¶ 8} "II. THE APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."
 I {¶ 9} Appellant, in his first assignment of error, argues that the trial court erred in failing to hold a hearing on his Motion to Withdraw Guilty Plea and in denying the same. We disagree.
 {¶ 10} A reviewing court will not disturb a trial court's decision whether to grant a motion to withdraw a plea absent an abuse of discretion. State v. Caraballo (1985), 17 Ohio St.3d 66, 477 N.E.2d 627. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 11} Crim. R. 32.1 addresses the withdrawal of a plea and provides as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence *Page 4 
is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 12} Appellant contends that because he filed his Motion to Withdraw before the trial court filed it sentencing entry, his request to withdraw his plea was filed pre-sentence. Appellant notes that Crim. R. 32.1 has been interpreted to allow the liberal withdrawal of pre-sentence guilty pleas. State v. Xie (1992), 62 Ohio St.3d 521, 526,584 N.E.2d 715. However, because appellant's request came after pronouncement of sentence[1], we find the appropriate standard is withdrawal only to correct a manifest injustice. See State v.Patterson, Muskingum App. No. CT2008-0054, 2009-Ohio-273. The burden of establishing the existence of such injustice is upon the defendant.State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus.
 {¶ 13} "An evidentiary hearing on a post-sentence motion to withdraw a guilty plea `is not required if the facts as alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn.'" State v. Patterson, Stark App. No. 2003CA00135,2004-Ohio-1569, at paragraph 18, citing State v. Blatnik (1984),17 Ohio App.3d 201, 204, 478 N.E.2d 1016. However, generally, a self-serving affidavit or statement is insufficient to demonstrate manifest injustice. Patterson, supra, citing State v. Laster, Montgomery App. No. 19387, 2003-Ohio-1564.
 {¶ 14} We find that the trial court did not abuse its discretion in failing to hold a hearing on appellant's motion and in denying the same. The only documentation before the trial court was appellant's June 16, 2008, handwritten letter in which appellant alleged that he had an unspecified mental handicap that prevented him from *Page 5 
understating the consequences of his guilty plea and entering into a knowing, intelligent and voluntary plea. The letter was self-serving and unsupported by any type of documentary evidence. We find that appellant's self-serving statement was insufficient in this case to demonstrate a manifest injustice. "When a petitioner submits a claim that his guilty plea was involuntary, a `record reflecting compliance with Crim. R. 11 has greater probative value' than a petitioner's self-serving affidavit." State v. Brehm (July 18, 1997), Seneca App. No. 13-97-05, unreported, 1997 WL 401824, following State v. Moore (1994),99 Ohio App.3d 748, 753, 651 N.E.2d 1319, 1322-1323. In the case sub judice, the transcript of the plea hearing shows that the trial court complied with Crim. R. 11 in accepting appellant's plea.
 {¶ 15} Moreover, as appellee states in its brief, while appellant maintains that he had a panic attack at the time of the plea hearing, "a panic attack does not per se affect one's ability to understand."
 {¶ 16} Appellant's first assignment of error is, therefore, overruled.
 II {¶ 17} Appellant, in his second assignment of error, argues that he received ineffective assistance of trial counsel. We disagree.
 {¶ 18} Our standard of review is set forth in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and whether *Page 6 
counsel violated any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. Id. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie, 81 Ohio St.3d 673, 675, 1998-Ohio-343,693 N.E.2d 267.
 {¶ 19} Appellant specifically argues that trial counsel was ineffective in failing to inform the trial court that appellant was mentally handicapped and did not understand the plea agreement that he signed. Appellant also contends that counsel's explanation of the terms of the plea agreement was not consistent with the actual agreement and that trial counsel was ineffective in failing to "request additional time to explain the agreement and its impact on the [a]ppellant including that time the [a]ppellant would be required to serve prior to becoming eligible for parole."
 {¶ 20} However, there is nothing in the record supporting appellant's claims. There is no evidence that appellant was mentally handicapped and, that appellant on such basis, could not enter a knowing, intelligent and voluntary plea. Nor is there any evidence that appellant did not understand the plea agreement that was explained to him in detail by the trial court. As is stated above, the record shows that the trial court complied with Crim. R. 11 in accepting appellant's plea. The trial court, at the plea hearing, advised appellant, that he would not be eligible for parole until he had served ten (10) years in prison. *Page 7 
 {¶ 21} Based on the foregoing, we cannot say that trial counsel was ineffective and/or that appellant was prejudiced by the alleged ineffectiveness.
 {¶ 22} Appellant's second assignment of error is, therefore, overruled.
 {¶ 23} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
 Edwards, J. Hoffman, P.J. and Delaney, J., concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] We recognize the sentence had not yet been journalized. *Page 1