[Cite as *State v. Minor*, 2014-Ohio-4660.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| JUSTIN L. MINOR | : | Case No. CT2014-0027 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case No. CR2014-0015




JUDGMENT:                    Affirmed




DATE OF JUDGMENT:            October 20, 2014




APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

RON WELCH                             ROGER SOROKA
27 North Fifth Street                 JOSHUA BEDTELYON
Zanesville, OH  43701                 503 South Front Street
                                      Suite 205
                                      Columbus, OH  43215

*Farmer, J.*

{¶1} On April 24, 2014, appellant, Justin Minor, pled guilty pursuant to a negotiated plea to two counts of trafficking in drugs (heroin) in violation of R.C. 2925.03, one a felony in the fourth degree and one a felony in the fifth degree, and one count of possession of drugs (heroin) in violation of R.C. 2925.11, a felony in the second degree. Two other counts, possession of drugs and having a weapon while under disability, were dismissed under the plea agreement. By sentencing entry filed May 23, 2014, the trial court sentenced appellant to eleven months in prison on the fifth degree felony, seventeen months on the fourth degree felony, and eight years on the second degree felony, to be served concurrently.

{¶2} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶3} "THE MAXIMUM SENTENCE IMPOSED UPON THE APPELLANT BY THE TRIAL COURT WAS CONTRARY TO LAW."

II

{¶4} "THE MAXIMUM SENTENCE IMPOSED UPON THE APPELLANT BY THE TRIAL COURT WAS AN ABUSE OF DISCRETION."

I, II

{¶5} Appellant claims the trial court erred and abused its discretion in sentencing him to the maximum and near-maximum sentences. We disagree.

{¶6} Appellant cites R.C. 2953(G)(2) for this court's standard of review:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶7} In *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 4, the Supreme Court of Ohio set forth the following two-step approach in reviewing a sentence: "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or

unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶8}   As this court explained in *State v. Robinson,* 5th Dist. Muskingum No. CT2012-0005, 2013-Ohio-2893, ¶ 19-20:

> Where the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation.  Where the record adequately justifies the sentence imposed, the court need not recite its reasons.  In other words, an appellate court may review the record to determine whether the trial court failed to consider the appropriate sentencing factors.  *State v. Firouzmandi,* 5th Dist No. 2006-CA41, 2006-Ohio-5823 at ¶ 52.

> Accordingly, appellate courts can find an "abuse of discretion" where the record establishes that a trial judge refused or failed to consider statutory sentencing factors.  *Cincinnati v. Clardy,* 57 Ohio App.2d 153, 385 N.E.2d 1342 (1st Dist.1978).  An "abuse of discretion" has also been found where a sentence is greatly excessive under traditional concepts of justice or is manifestly disproportionate to the crime or the defendant. *Woosley v. United States,* 478 F.2d 139, 147 (8th Cir.1973).  The imposition by a trial judge of a sentence on a mechanical, predetermined or policy basis is subject to review.  *Woosley, supra* at 143-145.  Where the severity of the sentence shocks the judicial conscience or greatly exceeds penalties usually exacted for similar offenses or defendants, and

the record fails to justify and the trial court fails to explain the imposition of the sentence, the appellate court's can reverse the sentence. *Woosley, supra* at 147. This by no means is an exhaustive or exclusive list of the circumstances under which an appellate court may find that the trial court abused its discretion in the imposition of sentence in a particular case. *State v. Firouzmandi,* supra.

{¶9} Appellant pled guilty to two counts of trafficking in drugs (heroin) in violation of R.C. 2925.03, one a felony in the fourth degree and one a felony in the fifth degree, and one count of possession of drugs (heroin) in violation of R.C. 2925.11, a felony in the second degree. Pursuant to R.C. 2929.14(A)(2), (4), and (5), felonies of the second, fourth, and fifth degree are punishable as follows:

(2) For a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years.

(4) For a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months.

(5) For a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months.

{¶10} The trial court sentenced appellant to eleven months in prison on the fifth degree felony and seventeen months on the fourth degree felony, less than the

maximum, and eight years on the second degree felony, the maximum, to be served concurrently, for an aggregate term of eight years in prison.

{¶11} Appellant first argues his sentence is contrary to law. In its sentencing entry filed May 23, 2014, the trial court specifically stated it considered the "principles and purposes of sentencing under Ohio Revised Code §2929.11 and its balance of seriousness and recidivism factors under Ohio Revised Code §2929.12." The trial court properly applied postrelease control and sentenced appellant within the permissible range of sentences under R.C. 2929.14(A). Accordingly, the aggregate eight year sentence is not clearly and convincingly contrary to law.

{¶12} Appellant argues he should not have been sentenced to the maximum sentence of eight years on the second degree felony because the facts do not warrant such a sentence. Although appellant acknowledges he has prior convictions, he argues this was his first drug related offense and the subject offense was not violent. He argues he has shown "sincere remorse," has admitted to a drug problem, and has taken steps to "begin the process of rehabilitation." Appellant's Brief at 6.

{¶13} R.C. 2929.11 governs overriding purposes of felony sentences and states as follows in pertinent part:

> (A) A court that sentences an offender for a felony shall be guided
> by the overriding purposes of felony sentencing. The overriding purposes
> of felony sentencing are to protect the public from future crime by the
> offender and others and to punish the offender using the minimum
> sanctions that the court determines accomplish those purposes without

imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶14} In the May 23, 2014 sentencing entry, the trial court found the following:

**The Court further finds** that the defendant has a lengthy criminal history with multiple crimes involving weapons and has served previous prison terms. Therefore, a maximum sentence is necessary to protect the public or to punish the offender, and the sentence is not disproportionate to the seriousness of his conduct and the danger the offender poses to the public. In addition, the Court finds the offender's history of criminal conduct demonstrates a maximum sentence is necessary to protect the public from future crime.

{¶15} During the sentencing hearing, the trial court noted the presentence investigation report indicated he had two prior felonies in which firearms were involved. T. at 9-10. The trial court explained to appellant, "[y]ou have a prior conviction in 2002 for robbery with a firearm specification; in January of 2007, robbery with a firearm specification. Those are dangerous - - those are dangerous things. You're a dangerous individual, Mr. Minor." T. at 13-14. The trial court also noted a firearm was involved in the case sub judice and even though the weapons charge was dismissed pursuant to the negotiated plea, it "[d]oesn't change the fact that there was a weapon that was part of this." T. at 14. Appellant had agreed to forfeit a Glock .45 handgun recovered from his residence. T. at 4, 9.

{¶16} While appellant argues the trial court unreasonably focused on his child support arrearage, the trial court did so in response to defense counsel stating, "[h]e's a father of three. He has another one on the way. He's a good father." T. at 5. The trial court noted appellant was "nearly $16,000 behind in child support, so he hasn't really been taking care of his kids the way he should be, has he?" T. at 6.

{¶17} There is nothing in the record to suggest that the trial court's decision was unreasonable, arbitrary, or unconscionable.

{¶18} Upon review, we find the trial court did not err or abuse its discretion in sentencing appellant to the maximum and near-maximum sentences.

{¶19} The sole assignment of error is denied.

{¶20} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Delaney, J. concur.

SGF/sg 926