[Cite as *State v. Downey*, 2020-Ohio-4118.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case Nos 19 CA 29, 19 CA 36 and<br>20 CA 03 |
| LORI DOWNEY | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common Pleas, Case No. 18 CR 72


JUDGMENT:                                    Affirmed


DATE OF JUDGMENT ENTRY:      August 18, 2020


APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

DAVE YOST                                        ADAM G. BURKE
OHIO ATTORNEY GENERAL               BURKE, MEIS & ASSOCIATES LLC
BRAD L. TAMMARO                            625 City Park Avenue
ASSISTANT ATTORNEY GENERAL      Columbus, Ohio  43206
150 East Gay Street, 16th Floor
Columbus, Ohio  43215

*Wise, John, J.*

{¶1}    Appellant Lori Downey appeals the Fairfield County Common Pleas Court's denial of Appellant's Motion to Withdraw Guilty plea for Complicity to Theft, Identity Fraud, and Forgery. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

{¶2}    Appellant Downey was originally indicted in September of 2014 on two charges, Grand Theft of an Elderly Person and a single charge of Forgery. The Ohio Attorney General's Office was later appointed as Special Prosecutor, and the case was dismissed to complete a detailed financial investigation.

{¶3}    As a result of newly discovered evidence from the Attorney General's investigation, Appellant was indicted February 22, 2018 on thirty-two charges that included Engaging in a Pattern of Corrupt Activity, Complicity to Theft, Telecommunications Fraud, Identity Fraud, and Forgery.

{¶4}    Appellant was represented by counsel. Under a plea agreement, Appellant plead guilty on April 9, 2019, to one count of Complicity to Theft, one count of Identity Fraud, and one count of Forgery, in exchange for the State dismissing the remaining twenty-nine counts of the indictment.

{¶5}    The trial court sentenced Appellant on June 24, 2019 to a prison term of three years. On June 27, 2019, the trial court filed the sentence. On that same day, Appellant filed a Notice of Substitution of Counsel, a Motion to Continue Report Date, and a Motion to Withdraw Guilty Plea. The court denied the motion to Continue Report Date on June 27, 2019.

{¶6}    On July 1, 2019, Appellant filed her first Notice of Appeal, along with a Motion to Stay Execution of Sentence Pending Appeal. Then, on July 12, 2019, the trial court denied Appellant's Motion to Withdraw Guilty Plea.  Appellant filed a second Notice of Appeal on August 12, 2019.

{¶7}    On September 23, 2019, with the appeal already pending, Appellant filed a Supplemental Motion to Withdraw Guilty Plea with the trial court. On November 26, 2019, this Court remanded the case back to the trial court. The next day, November 27, 2019, the trial court filed a Notice that the Court of Appeals had remanded the case back to the trial court to rule on Appellant's Supplemental Motion by December 22, 2019. The State received this Notice on December 4, 2019, and filed a Memo Contra Defendant's Supplemental Motion to Withdraw Guilty Plea on December 11, 2019.

{¶8}    Appellant filed Defendant's Motion to Withdraw and Motion to Strike the State's Reply. On December 18, 2019, the trial court journalized its Entry denying Ms. Downey's Motion to Withdraw and Motion to Strike the State's Reply.

{¶9}    On January 14, 2020, Appellant filed a third notice of appeal. The Court granted Ms. Downey's motion and consolidated all three appeals on January 31, 2020. She herein raises the following three Assignments of Error:

**ASSIGNMENTS OF ERROR**

{¶10} "I. THE TRIAL COURT ERRED IN FAILING TO STRIKE THE STATE-APPELLEE'S 91-PAGE (INCLUDING EXHIBITS AND ELECTRONIC-CD FILES) REPLY DELIVERED TO APPELLANT'S COUNSEL ON THE EVE OF THE TRIAL COURT'S DECISION ON THE APPELLANT'S MOTION TO WITHDRAW HER GUILTY PLEA.

**{¶11}** "II. IN SIGNING A SPEEDY TRIAL WAIVER WITHOUT ADVISING APPELLANT OF THE SPEEDY TRIAL ATTRITION OCCASIONED BY THE PAST CASES ARISING FROM THE SAME CIRCUMSTANCES, LORI DOWNEY'S DEFENSE COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE.

**{¶12}** "III. IN FAILING TO RAISE THE PREJUDICE TO HER DUE PROCESS RIGHTS OCCASIONED BY THE STATE'S THREE SEPARATE DISCONTINUOUS AND DELAYED CRIMINAL CASES AGAINST HER OVER THE COURSE OF SEVEN YEARS ALL FOR THE SAME ALLEGED 2012 CONDUCT, LORI DOWNEY'S DEFENSE COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE."

I.

**{¶13}** In her first assignment of error, Appellant argues the trial court erred by failing to grant Appellant's Motion to Strike the State's Memo Contra Defendant's Supplemental Motion to Withdraw Guilty Plea. We disagree.

**{¶14}** A trial court is granted discretion in permitting a party to file a pleading outside of the time guidelines set forth in the rules. *Hopkins v. Dyer*, 5th Dist. Tuscarawas No. 2001AP080087, 2002-Ohio-1576. A ruling by the trial court on a motion made after the expiration of a specified time period will be reviewed under an abuse of discretion standard. *Id.* Under such a standard, the appellate court must determine if the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *State v. Minor*, 5th Dist. Muskingum No. CT2014-0027, 2014-Ohio-4660, ¶7.

**{¶15}** Appellant argues that the State had 14 days to respond to Defendant's Supplemental Motion under Civ.R. 6(C)(1), noting that the Court should look to the rules of civil procedure if no rule of criminal procedure exists. Civ.R. 6(C)(1). Crim.R. 57(B).

Appellee does not dispute this but points out that the trial court lacked jurisdiction at the time Appellant filed Supplemental Motion. "It is a well-recognized principle that once an appeal has been perfected, the trial court loses jurisdiction over the matter, pending the outcome of the appeal." *Ritchey v. Plunkett*, 5th Dist. Stark No. 2013 CA 00105, 2013-Ohio-5695, ¶15.

{¶16} Appellant filed the Supplemental Motion with the trial court on September 23, 2019. However, Appellant had previously filed a Notice of Appeal on July 1, 2019, removing jurisdiction from the trial court. On November 27, 2019, the trial court filed a notice that this Court remanded the case back to the trial court, and fourteen days later, on December 11, 2019, the State filed a Memo Contra Defendant's Supplemental Motion to Withdraw Guilty Plea. As the State's Memo Contra falls within the time frame of Civ.R. 6(C)(1), the trial court did not abuse its discretion in failing to grant Appellant's Motion to Strike the State's Memo Contra Defendant's Supplemental Motion to Withdraw Guilty Plea.

{¶17} Appellants' First Assignment of Error is overruled.

## II.

{¶18} In her second assignment of error, Appellant argues her trial counsel was ineffective by signing a Speedy Trial Waiver when, by the Appellant's count, the State had thirty-eight days remaining to prosecute the indictment. We disagree.

{¶19} A claim of ineffective assistance of counsel requires a two-prong analysis. *State v. Remillard*, 5th Dist. Knox No. 18CA16, 2019-Ohio-3545, ¶33. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any defense counsel's essential duties

to Appellant. *Id.* The second prong is whether Appellant was prejudiced by counsel's ineffectiveness. *Id.* Counsel may choose to not pursue a defense where it probably would not succeed or is not valid. *Id.*

### a.      Determination on *Motion to Withdraw Guilty Plea* was Filed  before or after sentence was pronounced

{¶20} To show counsel's performance fell below an objective standard of reasonable representation Appellant argues the trial counsel should have objected to the trial court's denial of Appellant's Motion to Withdraw Guilty Plea on the grounds that no hearing was held on the motion. The trial court must conduct a hearing on a presentence motion to withdraw a guilty plea to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715, 719 (1992). However, a motion made after the pronouncement of sentence but before the trial court's filing of the sentencing entry is to be treated as a post-sentence motion. *State v. Surface*, 5th Dist. Stark No. 2008 CA 00184, 2009-Ohio-950, ¶12.

{¶21} In *Surface*, defendant plead guilty of two counts of rape, and one count of gross sexual imposition on June 16, 2008. *Id.* On the same day the trial court sentenced defendant to life in prison with the possibility of parole in ten years. *Id.* Defendant then sent a letter to the trial court dated June 16, 2008, notifying the court of his desire to withdraw his guilty plea. *Id.* The letter was filed on June 23, 2008. *Id.* The trial court's Judgment Entry sentencing the defendant was filed on July 30, 2008. *Id.* This court recognizing that the sentence had not yet been journalized, held the appellant's request came after pronouncement of the sentence. *Id.* Therefore, the standard to grant a motion to withdraw guilty plea is only to correct a manifest injustice. *Id.*

**{¶22}** Appellant argues that her Motion to Withdraw Guilty Plea occurred prior to sentencing. Appellant argues sentencing took place on June 27, 2019, when the trial court journalized its sentence against Ms. Downey. However, the actual sentencing hearing took place on June 24, 2020, the date the trial court pronounced the sentence. Therefore, Appellant's Motion to Withdraw Guilty Plea occurred after the trial court's pronouncement of sentence, but before the trial court's filing of the sentence. Therefore, this is not a pre-sentence Motion to Withdraw Guilty Plea, and a hearing on Appellant's Motion to Withdraw Guilty Plea is not required.

**b.      Determination on Appellant's right to a hearing
On  her post-sentence *Motion to Withdraw Guilty Plea.***

**{¶23}** Appellant also argues that a Crim.R. 32.1 also requires a post-sentence hearing.

**{¶24}** Crim.R. 32.1 states:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

**{¶25}** Though Crim.R. 32.1 does not expressly require an evidentiary hearing, a hearing is only required if the facts alleged in the motion are accepted as true by the trial court, and those facts would require that the plea be withdrawn. *State v. Smith,* 1st Dist. Hamilton No. C-180081, 2019-Ohio-3642. In *Smith*, the defendant as well his attorney submitted affidavits demonstrating, because of defendant's counsel's drug addiction, he was incapable as functioning as counsel under the Sixth Amendment. *Id.*

{¶26} The court may also decide the motion in a paper hearing if the affidavit testimony is deemed to lack credibility. *Id.* The trial court should consider all relevant factors in assessing the credibility of the affidavits including:

(1) Whether the judge reviewing the post-conviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affidavits are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony. *State v. Calhoun*, 86 Ohio St.3d 279, 1999-Ohio-102, 714 N.E.2d 905.

{¶27} A trial court finding one or more of these factors may be sufficient that an affidavit asserting information outside the record lacks credibility. *Id.* The decision whether or not to hold a hearing is discretionary and may be reversed on appeal only if the court abused its discretion. *Smith* at ¶34.

{¶28} Here, the trial court noted several factors when assessing the credibility of Appellant's affidavits. The judge presiding over the motion was assigned to the original case in February of 2015. Also, the Affidavits were provided only by Appellant and her husband, who had been identified as participating in some of the crimes charged. The trial court made it clear that they carefully examined the facts in the Affidavits and

determined they contained "self-serving versions of speculative or newly created facts in the case" causing the Affidavits to lack the credibility necessary to establish a substantive claim for relief. We find the trial court did not abuse its discretion with the denial of Appellant's *Motion to Withdraw Guilty Plea* without holding a hearing.

### c.      Determination on Appellant's Claim of Ineffective Assistance of Counsel Rendering her Plea not Knowing, Intelligent and Voluntarily Entered, and Appellant's Speedy Trial Elapsed Due to an Ineffective Speedy Trial Waiver.

**{¶29}** Subsections three and four of Appellants Second Assignment of Error will be analyzed together under the same set of facts.

**{¶30}** Appellant further argues the trial court erred in failing to grant the Motion to Withdraw Guilty Plea as her plea was not knowingly, intelligent and voluntary due to ineffective assistance of counsel, and also because of this ineffective assistance of counsel, the Speedy Trial Waiver was ineffective.

**{¶31}** Appellant bears the burden of demonstrating her trial counsel made errors so serious "that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Xie* at 524. Appellant also must show that the counsel's errors were so serious as to deprive the defendant of a fair trial. *Id.* In *Xie*, defendant argued his counsel did not raise his awareness that he would not be eligible for parole in a minimum of seventeen years he would have never entered the guilty plea. *Id.* The trial court considered this contention and was not convinced that the misinformation justified vacating the plea. *Id.* at 525. Judicial scrutiny of counsel's performance must be highly deferential as there are many ways to provide effective assistance. *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

**{¶32}** In the case sub judice, Appellant argues that she would never have agreed to filing the Waiver of Speedy Trial on March 28, 2018 if she knew the trial would have to begin in thirty-eight days. This speculation by Appellant assumes that Appellant and her counsel were prepared to go to trial in thirty-eight days. This assumption is contradicted by Appellant, when on August 16, 2018, nearly five months after the Waiver for Speedy Trial, she filed a Motion to Continue in order to further prepare for trial and consult a forensic accountant.

**{¶33}** Counsel's decision not to challenge the trial court's ruling on the Motion to Withdraw Guilty Plea is reasonable as it was unlikely to succeed. Waiving Appellant's right to a speedy trial is a legitimate strategy. Therefore, Appellant's argument is unpersuasive and does not show counsel's performance fell below an objective standard of reasonable representation.

**{¶34}** Appellants' Second Assignment of Error is overruled.

**III.**

**{¶35}** Appellant argues, in failing to raise the prejudice to her Due Process rights caused by the State's discontinuous and delayed criminal cases against her over the course of seven years all for the same alleged 2012 conduct, Appellant's defense counsel was constitutionally ineffective. We disagree.

**{¶36}** The same two-prong analysis for establishing ineffective assistance of counsel discussed in the Second Assignment of Error is applicable to the Third Assignment of Error: whether counsel's performance fell below an objective standard of reasonable representation, and whether Appellant was prejudiced by counsel's ineffectiveness. *Remillard,* at ¶33.

**{¶37}** "The Due Process Clause of the Fifth Amendment, and Article I, Section 16 of the Ohio Constitution provide limited protection against preindictment delay. *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶97. A defendant alleging a due-process violation based on preindictment delay must provide evidence of substantial prejudice to his right to a fair trial. *Id*. at ¶98. This burden is nearly insurmountable because proof of prejudice is always speculative. *Id*. at 100. Mere speculation, the possibility of faded memories, inaccessible witnesses, and lost evidence is insufficient to demonstrate actual prejudice. *State v. Jones,* 148 Ohio St.3d 167, 2016-Ohio-5105, 69 N.E.3d 688, ¶27.

**{¶38}** In *Adams*, a witness died during the preindictment period, and the Supreme Court determined the defendant failed to demonstrate substantial prejudice. *Adams* at 101. The Supreme Court further held, "the defendant had to identify exculpatory evidence that was lost and show that the exculpatory evidence could not be obtained by other means." *Adams* at 103.

**{¶39}** In the present case, Appellant contends her case was first prejudiced by the preindictment delay as text messages and call logs between the victim, victim's son, and Appellant could not be obtained by the phone company.  Appellant argues these messages and call logs would have shown the victim gave Appellant authorization to undertake most, if not all, of the expenditures Appellant made.  However, the phone service provider only retains these records for a year. Whereas these may show exculpatory evidence, Appellant could present such evidence to the court by way of the victim's testimony. As such, Appellant has not shown the exculpatory evidence could not be obtained by other means.

{¶40} Appellant further argues that witness testimony was lost as they could not find the New Accounts Manager at the bank who opened up a joint account for the victim. Appellant also could not find a car salesman from whom she purchased a car.  Appellant contends these witnesses would testify that the victim seemed to understand how joint accounts worked, and that the victim was a willing participant in the car sale, respectively. Neither witness would be able to actually testify to the victim's understanding of these events; however, the victim, could provide testimony to whether or not she understood these processes. As such, Appellant did not show that the exculpatory evidence was lost and that it could not be obtained by other means.

{¶41} Finally, Appellant argues that she suffered multiple mini strokes leading up to the indictment which hampered her ability to remember specific details. However, Appellant makes no reference to the specifics of what these details would have shown, nor does she state that the victim could not have testified to the transactions in question. As such, Appellant did not show that exculpatory evidence was lost and that it could not be obtained by other means.

{¶42} It would be reasonable for counsel to conclude that pursuit of Appellant's rights being prejudiced by preindictment delay would not succeed.  As Appellant's counsel acted in such a manner, then Appellant failed to show counsel acted in a manner which was not objectively reasonable.

**{¶43}** Appellants' Third Assignment of Error is overruled.

**{¶44}** For the foregoing reasons, the judgment of the Common Pleas Court of Fairfield County, Ohio, is hereby affirmed.


By: Wise, John, J.

Baldwin, J., concurs.

Hoffman, P. J., concurs separately.


JWW/br

*Hoffman, P.J., concurring*

{¶45} I concur in the majority's analysis and disposition of Appellant's first and third assignments of error. I further concur in the majority's analysis and disposition of Appellant's second assignment of error with the singular exception of its analysis regarding the waiver of her speedy trial right.

{¶46} Unlike the majority, I do not find the fact Appellant's motion to continue the trial on August 16, 2018, contradicts her argument. While her motion to continue would be a tolling event under the speedy trial statute, it was made long after the speedy trial limit would have expired [approximately May 5, 2018] had time not been waived.

{¶47} I believe the majority's focus is misplaced. The state must bring a defendant to trial within the speedy trial time limit, as adjusted by any applicable tolling events. Whether the defendant is ready to proceed, or not, at that time does not relieve the state of its obligation to timely proceed.

{¶48} Appellant's argument focuses on whether Appellee would have been prepared to go to trial in 38 days, not whether she was ready to proceed. Appellant's assumption the state would not be ready to proceed within 38 days is merely that, an assumption. It is speculative at best. Therefore, I concur in the majority's decision to overrule this portion of Appellant's second assignment of error.