DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated appeal is from a judgment issued by the Wood County Court of Common Pleas denying appellant's request to withdraw his guilty plea. Because we conclude that the trial court did not err in denying appellant's motion to withdraw his plea, we affirm.
 {¶ 2} In July 2002, appellant, Ronald Skaggs, was indicted by the Wood County Grand Jury on six counts: three second degree felony counts of trafficking in cocaine, violations of R.C.2925.03(A)(1) and (C)(4)(d); one first degree felony count of trafficking in cocaine, a violation of R.C. 2925.03(A)(1) and (C)(4)(e); one third degree felony count of possession of marijuana, a violation of R.C. 2925.11(A) and (C)(3)(d); and one first degree felony count of engaging in a pattern of corrupt activity, a violation of R.C. 2923.32(A)(1) and (B)(1). Pursuant to a plea agreement, Skaggs pled guilty to all six charges and was sentenced in May 2003, receiving two years on each of the second degree trafficking convictions; three years on the first degree trafficking conviction; one year on the third degree felony possession of marijuana conviction, all to be served concurrently. Three years on the first degree felony convictions of a pattern of corrupt activity were to be served consecutively, for a total of six years in prison. The court also imposed mandatory fines of $47,500 and the mandatory six month license suspension.
 {¶ 3} In November 2003, Skaggs filed a pro se motion to withdraw his guilty plea which was denied by the trial court without a hearing. He now appeals from the denial of that motion. Skaggs argues in two assignments of error that the trial court erred when it denied his motions to conduct a hearing on and to withdraw his guilty plea based upon ineffective assistance of counsel and his request for a hearing on the motion.
 {¶ 4} A motion to withdraw a plea of guilty is governed by Crim.R. 32.1, which states: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Consequently, a defendant who seeks to withdraw a guilty plea after sentence has been imposed must demonstrate a manifest injustice. Crim.R. 32.1; State v. Stumpf
(1987), 32 Ohio St.3d 95, 104; State v. Smith (1977),49 Ohio St.2d 261, paragraph one of the syllabus.
 {¶ 5} A manifest injustice has been defined as a "clear or openly unjust act," State ex rel. Schneider v. Kreiner,83 Ohio St.3d 203, 208, or "an extraordinary and fundamental flaw in the plea proceedings." State v. Lintner (Sept. 21, 2001), 7th Dist. No. 732, citing Smith, 49 Ohio St.2d at 264. Under the manifest injustice standard, "a postsentence withdrawal motion is allowable only in extraordinary cases." Smith, supra, at 264; see e.g., State v. Desote, 3d Dist. Nos. 12-03-05, 12-03-09, 2003-Ohio-6311 (manifest injustice shown where trial court denied withdrawal of defendant's no contest plea to charge of failure to notify sheriff of his change of address, where defendant's duty to register as a sex offender was premised on a void court order).
 {¶ 6} A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Smith,
supra, at paragraph two of the syllabus; see also, Stumpf,
supra. Therefore, an appellate court will not reverse a trial court's denial of a motion to withdraw a guilty plea absent an abuse of discretion. Smith, supra, at paragraph two of the syllabus. State v. Nathan (1995), 99 Ohio App.3d 722, 725. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 7} An evidentiary hearing on a post-sentence motion to withdraw a guilty plea "is not required if the facts as alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn." State v. Patterson,
5th Dist. No. 2003CA00135, 2004-Ohio-1569, at paragraph 19 citingState v. Blatnik (1984), 17 Ohio App.3d 201, 204. See also,State v. Reznickcheck, 6th Dist. No. L-04-1029 and L-04-1030,2004-Ohio-4801 and State v. Cosavage (June 28, 1995), 9th Dist. Nos. 17074 and 17075. Generally, a self-serving affidavit or statement is insufficient to demonstrate manifest injustice.Patterson, supra, at paragraph 20; State v. Laster, 2nd Dist. No. 19387, 2003-Ohio-1564 at paragraph eight. "When a petitioner submits a claim that his * * * plea was involuntary, a `record reflecting compliance with Crim.R. 11 has greater probative value' than a petitioner's self-serving affidavit. State v.Brehm ([July 18,] 1997), * * * Seneca App. No. 13-97-05 * * *, following State v. Moore (1994), 99 Ohio
 {¶ 8} App.3d 748, 749, 753 * * *." State v. Saylor (1998),125 Ohio App.3d 636, 641.[1]
 {¶ 9} In this case, to establish a need for an evidentiary hearing on his motion, Skaggs needed to provide sufficient evidence to demonstrate a manifest injustice. Skaggs submitted only his own affidavit which merely states that he has knowledge of the facts referred to in his motion and that he is entitled to the withdrawal of his guilty plea. While he refers to actions that occurred during his plea hearing and sentencing, no transcripts of those proceedings were submitted for the trial court's review. We conclude, therefore, that Skaggs's affidavit was insufficient to require the court to conduct a hearing on his motion.
 {¶ 10} We now turn to whether the record itself indicates any manifest injustice regarding the merits of the motion to withdraw the guilty plea. Skaggs essentially argues that his attorney represented to him that: 1) he could apply for judicial release after three years; 2) he could reduce his prison time by "good behavior;" and 3) after he was incarcerated, he would be able to visit with his wife, who had also pled and been convicted of charges related to the incidents involving Skaggs, but was given a nonprison sentence. Skaggs states that he relied on these statements which he later learned were erroneous, and would not have pled guilty had he known this. Once again, this information is presented by argument, not through averred statements in his affidavit.
 {¶ 11} To the contrary, at the plea hearing, the record shows that the trial court followed Crim.R. 11 and personally asked Skaggs whether he understood the plea agreement and whether he was under the influence of any drugs or alcohol. Skaggs answered that he had read, understood, and discussed with counsel, the information provided on the guilty plea form prior before initialing each relevant section. The form signed includes a section listing the maximum penalties for each charge and states that fines and prison terms were mandatory for both the trafficking and pattern of corrupt activities offenses. The form also states that even where not mandatory, the court may impose consecutive sentences for two or more of the offenses. The form does state that Skaggs would be permitted to seek early judicial release, but does not indicate the minimum number of years he must serve before becoming eligible to apply. Finally, the last paragraph states that, although he was relying on his attorney for advice, the decision to enter the plea was his, and that no promises were made concerning the sentence or otherwise, except as included in the plea agreement.
 {¶ 12} The court then verbally discussed each part of the guilty plea stating, "Do you feel that you understand the charges and the maximum penalties?" Skaggs answered, "Yes, sir." After this discussion, Skaggs answered yes when the court specifically asked, "And do you understand that the Court can impose any sentence permitted by law as long as — in spite of, I should say, any promises made by your attorney or any recommendations of the prosecutor; do you understand that?" In addition, the court repeated the effects of the plea and told Skaggs that because there were multiple felony counts, he could be sentenced to serve his prison sentences either concurrently or consecutively. The court also explained the meaning of those two terms.
 {¶ 13} Since Skaggs' affidavit does not include specific factual statements, it cannot be relied upon to provide a foundation for the arguments now made on appeal. Even if we presume that his attorney gave him erroneous information, Skaggs waived any such error since the trial court fully complied with Crim.R. 11, and Skaggs signed the plea agreement, fully aware there were no promises beyond the plea agreement. There is no evidence of a clear or openly unjust act or an extraordinary and fundamental flaw in the plea proceedings. It cannot be said that the trial court abused its discretion in denying Skaggs' motion to withdraw his plea. Accordingly, appellant's two assignments of error are not well-taken.
 {¶ 14} The judgment of the Wood County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Lanzinger, J., Singer, J., Concur.
[1] Crim.R 11(c) provides in pertinent part that:
"(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:
"(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
"(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
"(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."