OPINION
{¶ 1} Defendant-appellant Roger Carter appeals from his conviction and sentence, following a guilty plea, on three counts of Forgery. Carter contends that the trial court erred by denying, without a hearing, his post-sentencing motion to withdraw his guilty plea. The State contends, and we agree, that the record does not reflect the error asserted. Our review of the record leads us to conclude that the trial court did not deny a post-sentencing motion to withdraw Carter's guilty plea, but, to the contrary, expressed its willingness to consider a motion, if one were to be filed. The record does not reflect that Carter filed a motion to withdraw his guilty plea. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 2} Carter was charged by indictment with three counts of Forgery, and three counts of Receiving Stolen Property. In due course, a plea agreement was entered into whereby Carter would plead guilty to three counts of Forgery, the three counts of Receiving Stolen Property would be dismissed, and Carter's total sentence would not exceed eight months. The trial court indicated its conditional agreement to the eight-month sentence:
 {¶ 3} "THE COURT: Okay. And the Court has agreed — I mean, the Court has agreed to the eight-month sentence, provided you show up for all your background appointments with Probation, and show up here for sentencing as scheduled, okay?
 {¶ 4} "THE DEFENDANT: Oh, okay."
 {¶ 5} Carter's plea was accepted, in a plea hearing, the efficacy of which has not been challenged. At his sentencing hearing, Carter was sentenced to a combination of concurrent and consecutive sentences on the three Forgery counts that amounted, in the aggregate, to an eighteen-month sentence. The reason why the eight-month sentence agreement was not followed appeared in the record of the sentencing hearing, as follows:
 {¶ 6} "MS. SOUTHER [representing Carter]: Your Honor, Mr. Carter is here, and I spoke to him about not appearing for his one — his last appointment that he needed on June 6th. He indicated that he had two family members that had deceased — a wife that he thought he was legally divorced from, but he wasn't at the time, and his daughter's mother. He said he had told Ben, the probation officer, that he had done (ph), and he was — had some funeral arrangements, the payment of it. The funeral had already taken place. But he had to speak with the funerals to make arrangement for payments. And that is why he didn't make it. He did go back down a day or two after, but Ben said it was too late. And I guess the (indiscernible) was already done at that time. And we would ask that you honor the eight months' agreed sentence.
 {¶ 7} "THE COURT: You were supposed to be back at Probation on June the 6th. That's the day you didn't show up. And then they tried to contact you with all your phone numbers and couldn't get hold of you. You did not contact them, according to this. The arrangement was not only that you would show up here, but that you would show up for all of your appointments, which you have not made."
 {¶ 8} Whereupon, the trial court proceeded with sentencing, after which the following colloquy ensued:
 {¶ 9} "MS. SOUTHER: Your Honor, I'm asking, since it was agreed eight months' sentence for a plea to three counts, we'd ask that if we can withdraw our plea.
 {¶ 10} "THE COURT: The agreement was it was eight months if he made all of his appointments.
 {¶ 11} "MS. SOUTHER: Okay.
 {¶ 12} "THE COURT: He did not make all of his appointments, and he violated the agreement.
 {¶ 13} "MS. SOUTHER: He had a reason that was — he had a reason why he didn't make it. He did go back down after a day or two later.
 {¶ 14} "THE COURT: That's not what this says. That's not what this report says.
 {¶ 15} "MS. SOUTHER: It doesn't say that he went back down?
 {¶ 16} "THE COURT: He never contacted them. He never — when you have a funeral come up, you're supposed to be there, you call ahead of time. You say, hey, I got myself in a jam. I got a problem. They tried to contact them [sic]. He'd given them phony phone number. They couldn't get hold of him because he gave them bad phone numbers. He didn't even give them truthful information. That wasn't one of the conditions, though. This guy's got 11 felonies in his record. He knows what he's doing. He's playing us. No.
 {¶ 17} "MS. SOUTHER: But it was an agreed eight months on the-
 {¶ 18} "THE COURT: You can file — you can file your motion. You can file your motion.
 {¶ 19} "MS. SOUTHER: All right."
 {¶ 20} No motion was filed. Carter's conviction and sentence was journalized, and he has appealed from that conviction and sentence.
 II {¶ 21} Carter's sole assignment of error is as follows:
 {¶ 22} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST TO WITHDRAW HIS PLEA AFTER SENTENCING WITHOUT A FULL EVIDENTIARY HEARING."
 {¶ 23} Crim. R. 32.1 provides that a motion to withdraw a guilty plea may be made only before sentence is imposed, but that trial court may permit the withdrawal of a guilty plea after sentencing "to correct manifest injustice."
 {¶ 24} A hearing is not required on every motion to withdraw a plea. A post-sentence motion to withdraw a guilty plea is subject to denial without a hearing when the defendant fails to submit evidentiary documents sufficient to demonstrate a manifest injustice. State v.Miley, 2004-Ohio-641, Cuyahoga App. No. 83152.
 {¶ 25} Based upon our review of the record, we conclude that, at most, the trial court declined to proceed informally with respect to Carter's oral request, at bar, to withdraw his guilty plea. The explanation offered by Carter's attorney for Carter's failure to have complied with the pre-conditions for the eight-month sentence is confusing, and appears to have been contradicted by information in the trial court's file. Although the trial court was evidently not prepared to proceed informally, at the sentencing hearing, with Carter's oral request to withdraw his plea, which we find understandable under the circumstances, the trial court made it clear, when it told his attorney, "You can file your motion," that it would entertain a proper motion to withdraw the plea. That motion would have had to have been accompanied by suitable evidentiary material, if only in the form of Carter's affidavit, to have demonstrated a prima facie ground for finding manifest injustice. Without a demonstrated basis for a finding of manifest injustice, the trial court would not have been required to take up its time with an evidentiary hearing.
 {¶ 26} In short, we agree with the State that the record does not portray the error asserted. It does not appear in the record that the trial court ever denied Carter's motion to withdraw his plea, or, for that matter, that Carter ever filed a motion to withdraw his plea. When and if Carter should take up the trial court's invitation to file a motion to withdraw his plea, the trial court may consider the evidentiary material filed in support of the motion, and then determine whether a sufficient basis for a finding of a manifest injustice has been demonstrated to justify scheduling an evidentiary hearing on the motion.
 {¶ 27} Carter's sole assignment of error is overruled.
 III {¶ 28} Carter's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
 {¶ 29} GRADY, P.J., and WOLFF, J., concur.