[Cite as *State v. Adams*, 2014-Ohio-4110.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                    Court of Appeals No. L-13-1169

      Appellee                              Trial Court No. CR0201002061

v.

Darris Adams                               **DECISION AND JUDGMENT**

      Appellant                             Decided:  September 19, 2014

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Darris Adams, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common

Pleas that denied the motion of pro se defendant-appellant, Darris Adams, to withdraw

his guilty plea.  For the following reasons, we affirm the trial court's judgment.

**{¶ 2}** Appellant was indicted on June 22, 2010, on two charges of murder with firearm specifications following the shooting death of his girlfriend, Cheryl Bugbee. The first count in the indictment charged an offense under R.C. 2903.02(A) and 2929.02, purposely causing the death of another, and the second count charged an offense under R.C. 2903.02(B) and 2929.02, causing the death of another while committing or attempting to commit a first or second degree felony offense of violence that is not a violation or R.C. 2903.03 or 2903.04. Appellant initially entered a plea of not guilty to the charges and the case was scheduled for trial.

**{¶ 3}** On March 21, 2011, the day the trial was scheduled to proceed, appellant withdrew his former plea and entered a plea of guilty to the second count of murder in violation of R.C. 2903.02(B) and 2929.02. The plea form signed by appellant specifically states:

> I understand the nature of these charges and the possible defenses I might have. I am satisfied with my attorney's advice, counsel and competence. I am not now under the influence of drugs or alcohol. No threats have been made to me. No promises have been made except as part of this plea agreement, stated entirely as follows: The State of Ohio will nolle prosequi count one and all attendant specifications and the specification attached to count two.

**{¶ 4}** The court found that appellant was advised of all of his constitutional rights, understood the nature of the charge, the effect of the plea and the maximum penalty

2.

involved and that appellant made a knowing, intelligent and voluntary waiver of those rights pursuant to Crim.R. 11. The court then accepted appellant's plea and found him guilty of murder in violation of R.C. 2903.02(B) and 2929.02, an unclassified felony. Appellant waived his right to a presentence investigation and report, and the court proceeded to sentence him to life in prison. Appellant did not appeal that order.

{¶ 5} On February 22, 2013, appellant, acting pro se, filed a post-sentence motion to withdraw his guilty plea on the grounds of ineffective assistance of counsel. Appellant asserted that the ineffective assistance of his trial counsel improvidently led him to enter the guilty plea. Specifically, appellant asserted that because there was no evidence that he purposely caused the death of Cheryl or that he intentionally sought to hurt her, his trial counsel was ineffective for failing to file a motion to dismiss the indictment. Next, he asserted that his counsel was ineffective in failing to consult a ballistics expert to challenge the state's evidence regarding the bullets that entered the victim. He further argued that his trial counsel was ineffective by misleading him as to the terms of the plea agreement. Appellant asserted that counsel led him to believe that if he pled no contest to manslaughter, appellant would only have to serve five years in prison. On the day the case was set for trial, counsel informed him that the state would not agree to those terms and that in order to avoid the likelihood of a more severe sentence, appellant should plead guilty to the second count of murder, under which he would serve 15 years in prison. Finally, appellant asserted that his trial counsel was ineffective in failing to file a notice

3.

of appeal on his behalf. Appellant attached numerous documents to his motion, none of which were properly authenticated.

{¶ 6} On July 11, 2013, the lower court filed a judgment denying appellant's motion to withdraw his plea. With regard to appellant's claim of ineffective assistance of counsel, the court determined that a Crim.R. 32.1 motion to withdraw was the improper vehicle for raising that claim where it relied on matters outside the record. Rather, such claims are properly asserted as petitions for postconviction relief under R.C. 2953.21. Construing that portion of appellant's motion as a petition for postconviction relief, the court found that because the motion was not filed within the 180 day time limit of R.C. 2953.21, and was unexcused under R.C. 2953.23, the court did not have jurisdiction to decide the matter. As to the other claims asserted by appellant, the court found that he had not submitted any evidentiary documents to demonstrate a manifest injustice in the court's acceptance of his plea. Appellant, acting pro se, now challenges that judgment on appeal. Although his brief does not clearly set forth an assignment of error, it does include the following assertion which we construe as his assignment of error:

The trial court abused its discretion by not conducting a fair and full hearing in the motion to withdraw petitioner's guilty plea.

{¶ 7} A motion to withdraw a guilty plea "may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. "A manifest injustice is defined as a 'clear or openly unjust act.' * * * Manifest

4.

injustice is an extremely high standard, and a defendant may only withdraw his guilty pleas in extraordinary cases." *State v. Harmon*, 6th Dist. Lucas No. L-10-1195, 2011-Ohio-5035, ¶ 12. The burden is on the defendant to establish the existence of such injustice. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. A trial court is not required to hold a hearing on a post-sentence motion to vacate a guilty plea when the record indicates that the defendant is not entitled to relief and he has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice. *State v. Elkins*, 6th Dist. Sandusky No. S-10-018, 2010-Ohio-5170, ¶ 25, citing *State v. Never*, 6th Dist. Lucas No. L-08-1076, 2009-Ohio-1473, ¶ 75. Finally, because a motion to withdraw a guilty plea is addressed to the sound discretion of the trial court, we review a trial court's judgment on such a motion under an abuse of discretion standard. *Smith, supra*, at 264. Accordingly, we will only reverse a trial court's denial of a motion to withdraw a guilty plea if the court's attitude in reaching its judgment was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 8} Appellant contends that his trial counsel was ineffective for the reasons stated above and that the lower court erred in failing to hold a hearing on appellant's motion to withdraw so as to give him an opportunity to present evidence in support of his assertions that his trial counsel was ineffective.

{¶ 9} Initially, we find that appellant's claims of ineffective assistance of counsel are barred by res judicata. The doctrine of res judicata provides that "a final judgment

5.

bars a convicted defendant * * * from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at trial or on appeal." *State v. Brown*, 167 Ohio App.3d 239, 2006-Ohio-3266, 854 N.E.2d 583, ¶ 7 (10th Dist.), citing *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996). Accordingly, the doctrine bars a convicted defendant from raising claims of ineffective assistance of counsel in a post-sentence motion to withdraw a guilty plea if those claims could have been raised on direct appeal. Similarly, the doctrine bars a convicted defendant from raising claims of ineffective assistance of counsel that could have been raised in a motion for postconviction relief or in an appeal from a denial of postconviction relief. *State v. Pemberton*, 4th Dist. Gallia No. 10CA4, 2011-Ohio-373, ¶ 19. "Stated another way, res judicata bars [an appellant] from raising claims of ineffective assistance that occurred both 'on-the-record' (direct appeal) and 'off-the-record' (postconviction relief) in [a] CrimR. 32.1 motion." *State v. Walters*, 4th Dist. Scioto No. 12CA3482, 2013-Ohio-695, ¶ 13.

{¶ 10} Appellant could have raised his claims of ineffective assistance on direct appeal from his conviction. To the extent he claims ineffective assistance based on off-the-record conversations he and his parents had with his counsel, those claims should have been raised in a timely filed petition for postconviction relief. Finally, regarding appellant's claim of ineffective assistance based on counsel's failure to file a notice of appeal, appellant's remedy is to file a motion for delayed appeal pursuant to App.R. 5(A).

Appellant's claims of ineffective assistance of counsel raised in the proceeding below, however, were barred by res judicata.

{¶ 11} Assuming arguendo that appellant's claims were not barred by res judicata, we further find that appellant failed to demonstrate a manifest injustice in the lower court's acceptance of his guilty plea. In the proceeding below, appellant attached unauthenticated documents, including letters he had written to his trial counsel and police reports, to his motion. However, he failed to support his motion with an affidavit or other *evidence* that raised an arguable issue of manifest injustice.

{¶ 12} Finally, we find that the lower court did not err in refusing to hold a hearing on appellant's Crim.R. 32.1 motion. To establish a need for an evidentiary hearing on a motion to withdraw a guilty plea a defendant must submit sufficient evidence to demonstrate a manifest injustice. *State v. Skaggs*, 6th Dist. Wood No. WD-04-002, 2004-Ohio-6653, ¶ 9. As stated above, appellant did not submit sufficient evidence to warrant a hearing.

{¶ 13} The sole assignment of error is not well-taken.

{¶ 14} On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

State v. Adams
C.A. No. L-13-1169

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.            _____
                                                            JUDGE

Arlene Singer, J.            

                                              _____
Stephen A. Yarbrough, P.J.                        JUDGE
CONCUR.

                                              _____
                                                            JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.