**[Cite as *State v. Newkirk*, 2020-Ohio-5554.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

State of Ohio                                    Court of Appeals No. H-19-024

　　　　Appellee                              Trial Court No. CRI 2019 0589

v.

Lee Michael Newkirk                    **DECISION AND JUDGMENT**

　　　　Appellant                            Decided:  December 4, 2020

* * * * *

James Joel Sitterly, Huron County Prosecuting Attorney, and
Melissa A. Angst, Assistant Prosecuting Attorney, for appellee.

Danielle C. Kulik, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Lee Michael Newkirk, appeals the judgment of the Huron County

Court of Common Pleas, convicting him, following a guilty plea, of one count of rape in

violation of R.C. 2907.02(A)(2), a felony of the first degree, and one count of sexual

battery in violation of R.C. 2907.03(A)(2) and (B), a felony of the second degree, and

sentencing him to an agreed upon prison term of 15 years. For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On July 19, 2019, the Huron County Grand Jury returned a four-count indictment against appellant, charging him with one count of rape in violation of R.C. 2907.02(A)(1)(b) and (B), a felony of the first degree; one count of sexual battery in violation of R.C. 2907.03(A)(2) and (B), a felony of the second degree; one count of sexual battery in violation of R.C. 2907.03(A)(1) and (B), a felony of the second degree; and one count of gross sexual imposition in violation of R.C. 2907.05(A)(4) and (C)(2), a felony of the third degree. The charges stemmed from appellant's sexual assault of a three-year-old child.

{¶ 3} On November 19, 2019, appellant withdrew his initial plea of not guilty, and entered a plea of guilty to the count of rape, with an amendment removing the allegation that the victim was under the age of ten, and a plea of guilty to one count of sexual battery. In exchange, the state agreed to dismiss the remaining counts. Additionally, the parties agreed to a recommended prison sentence of eight years on the count of rape, and a mandatory seven years on the count of sexual battery, to be served consecutively for a total prison term of 15 years.

{¶ 4} At the hearing, the trial court conducted a detailed Crim.R. 11 plea colloquy and accepted appellant's guilty plea. The court noted that the parties jointly agreed to proceed immediately to sentencing, and asked appellant's trial counsel if appellant was

2.

waiving any further presentence investigation.  Trial counsel responded in the affirmative.  The court then proceeded to impose the recommended sentence.

{¶ 5} Thereafter, on December 16, 2019, appellant moved to withdraw his guilty plea, and requested a hearing on his motion.  In the motion, appellant alleged that the DNA evidence provided in discovery was not dispositive of guilt, and that appellant's former trial counsel never requested the epithelial DNA testing.  Furthermore, appellant alleged that he has a medical diagnosis of "ADHD borderline Asperger's Syndrome," and that he was on an Individualized Education Plan (IEP) in school.  Thus, he contended that his ability to understand the plea was also an issue.

{¶ 6} On January 7, 2020, the trial court denied appellant's motion to withdraw his guilty plea without a hearing.  The trial court found that appellant agreed to the state's recitation that the sexual assault examination of the victim revealed penetration, that appellant's DNA was found in sperm fractions from the victim's underwear, that the victim told her mother that her vagina hurt because appellant had stuck his finger in her vagina, and that there were two incidents of sexual conduct each committed with a separate animus.  Further, the trial court found that appellant was fully advised of his rights, and made a knowing, intelligent, and voluntary decision to plead guilty.

## II.  Assignments of Error

{¶ 7} Appellant has timely appealed his judgment of conviction as well as the denial of his motion to withdraw his guilty plea, and now asserts three assignments of error for our review:

3.

1. THE COURT FAILED TO ADVISE THE DEFENDANT ABOUT WAIVING A PRESENTENCE INVESTIGATION AND DID NOT ASK THE DEFENDANT ANY QUESTIONS IN REGARDS TO THE WAIVER.

2. THE COURT ABUSED ITS DISCRETION BY NOT ALLOWING A HEARING ON COMPETENCY AFTER IT WAS RAISED IN A MOTION TO WITHDRAW A PLEA.

3. THE DEFENDANT DID NOT HAVE EFFECTIVE ASSISTANCE OF COUNSEL WHEN NO MOTIONS WERE FILED AND INCARCERATION PRECEDED A PLEA.

### III. Analysis

{¶ 8} In his first assignment of error, appellant argues that the trial court erred when it asked his trial counsel instead of him whether there was a waiver of a presentence investigation report. However, a trial court does not need to order a presentence investigation report in a felony case where community control is not being imposed. *State v. Cyrus*, 63 Ohio St.3d 164, 586 N.E.2d 94 (1992), syllabus; *State v. Scott*, 6th Dist. Sandusky No. S-15-012, 2016-Ohio-1480, ¶ 42 ("Where it has been determined that a defendant is not eligible for community control, the trial court does not err in refusing to order a presentence investigation report."); Crim.R. 32.2 ("Unless the defendant and the prosecutor in the case agree to waive the presentence investigation report, the court shall, in felony cases, order a presentence investigation and report *before imposing community control sanctions or granting probation*." (Emphasis added.)). Here, the

4.

parties agreed that appellant was not eligible for community control. Thus, he did not have a right to a presentence investigation report that he could waive, and the trial court did not err in failing to ask him to waive that nonexistent right.

{¶ 9} Accordingly, appellant's first assignment of error is not well-taken.

{¶ 10} In his second assignment of error, appellant argues that the trial court abused its discretion in denying his post-sentence motion to withdraw his guilty plea without a hearing on the issue of appellant's competency.

A motion to withdraw a guilty plea "may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. "A manifest injustice is defined as a 'clear or openly unjust act.' * * * Manifest injustice is an extremely high standard, and a defendant may only withdraw his guilty pleas in extraordinary cases." *State v. Harmon*, 6th Dist. Lucas No. L-10-1195, 2011-Ohio-5035, ¶ 12. The burden is on the defendant to establish the existence of such injustice. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. * * * [B]ecause a motion to withdraw a guilty plea is addressed to the sound discretion of the trial court, we review a trial court's judgment on such a motion under an abuse of discretion standard. *Smith*, *supra*, at 264. Accordingly, we will only reverse a trial court's denial of a motion to withdraw a guilty plea if the court's attitude in reaching its judgment was unreasonable, arbitrary, or

5.

unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450

N.E.2d 1140 (1983).

*State v. Adams*, 6th Dist. Lucas No. L-13-1169, 2014-Ohio-4110, ¶ 7.

{¶ 11} "An evidentiary hearing on a post-sentence motion to withdraw a guilty

plea 'is not required if the facts as alleged by the defendant, and accepted as true by the

court, would not require that the guilty plea be withdrawn.'" *State v. Skaggs*, 6th Dist.

Wood No. WD-04-002, 2004-Ohio-6653, ¶ 7, quoting *State v. Patterson*, 5th Dist. Stark

No. 2003CA00135, 2004-Ohio-1569, ¶ 18.  "Generally, a self-serving affidavit or

statement is insufficient to demonstrate manifest injustice." *Id.*  In deciding a motion to

withdraw a guilty plea, the trial court has the discretion to determine the "good faith,

credibility and weight of the movant's assertions." *State v. Smith*, 49 Ohio St.2d 261, 361

N.E.2d 1324 (1977), paragraph two of the syllabus; *State v. Hutchison*, 2018-Ohio-200,

104 N.E.3d 91, ¶ 38 (5th Dist.).

{¶ 12} Here, in support of his motion to withdraw his guilty plea, appellant

cursorily alleged that he had a medical diagnosis of "ADHD borderline Asperger's

Syndrome," and that he was on an Individualized Education Plan (IEP) in school, and

thus he may have been unable to understand the plea.  Appellant provided no

documentary or affidavit evidence to support his assertions.

{¶ 13} More importantly, appellant's assertion of an inability to understand the

plea proceedings is dramatically contradicted by the record.  Appellant stated at the

hearing that he has a high school education, that he was not on any medication that

affected his ability to think clearly about entering his plea, that he had never been

6.

diagnosed mentally ill or incompetent, and that he understood the charges to which he was pleading guilty. Furthermore, appellant's responses to the trial court's questions were clear and contextually appropriate, and appellant asked insightful questions about the community notification requirement and judicial early release.

{¶ 14} In support of his argument on appeal that it was questionable whether he could understand the plea, appellant points to only one exchange wherein the trial court asked appellant if he had a full opportunity to discuss the charges with his trial counsel and appellant replied, "Yes, best we could." Appellant indirectly suggests that the phrase "best we could" indicates that he was incapable of meaningfully discussing the charges. Immediately after that exchange though, the trial court asked appellant a series of questions to which he responded in the affirmative: "Have you shared with her all the information that you know that's relevant to these charges?"; "Has she provided you with the information the State gave with regard to their -- with regard to what they intend to prove?"; "Have you had a chance to discuss with her any possible defenses you might have to these charges?"; "Are you satisfied with her advice and competence?"; "Have you had a chance to review [the plea agreement] with [trial counsel]?"; "Do you believe you understand all the terms and conditions that are set out in that document?".

{¶ 15} Therefore, we find no support in the record for appellant's allegation that he was unable to understand the plea agreement or was incompetent, and we hold that the trial court did not abuse its discretion when it denied appellant's post-sentence motion to withdraw his guilty plea without a hearing.

{¶ 16} Accordingly, appellant's second assignment of error is not well-taken.

7.

{¶ 17} Finally, in his third assignment of error, appellant argues that his trial counsel was ineffective for failing to raise the issue of competency, and for failing to have the DNA investigated.

{¶ 18} To prevail on a claim of ineffective assistance of counsel, appellant must satisfy the two-prong test developed in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That is, appellant must demonstrate that counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Id.* at 687-688, 694. "The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.* at 697.

{¶ 19} Regarding counsel's failure to raise the issue of competency, as we discussed above, there is nothing in the record to suggest that appellant was incompetent or incapable of understanding the nature and effect of his guilty plea. Thus, appellant has not demonstrated that a reasonable probability exists that any motion on the issue of competency would have been successful.

{¶ 20} As to the failure to investigate the DNA evidence, the record shows that the state provided evidence, including laboratory reports, in response to appellant's request for discovery. While the record does not include the laboratory reports themselves, appellant does not identify anything in the record that would call into question the DNA evidence. In fact, during the plea hearing, appellant agreed that it was true that DNA

8.

from his sperm was found inside the victim's underwear. Thus, appellant has failed to demonstrate that a reasonable probability exists that any further investigation of the DNA evidence would have resulted in a different outcome in the proceedings.

{¶ 21} Therefore, because appellant has failed to demonstrate any prejudice from trial counsel's performance, his claim of ineffective assistance of counsel is without merit.

{¶ 22} Accordingly, appellant's third assignment of error is not well-taken.

### IV. Conclusion

{¶ 23} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.             _____
                                                  JUDGE
Thomas J. Osowik, J.

                                                  _____
Gene A. Zmuda, P.J.                               JUDGE
CONCUR.

                                                  _____
                                                  JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.